**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIEL RODRIGUEZ MACEDO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 5:26-cv-06096-RAO

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Daniel Rodriguez Macedo ("Petitioner"), a non-citizen represented by counsel and in immigration custody, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") on October 15, 2026. Dkt. No. 1 ("Pet."). The Petition claims Petitioner's warrantless arrest violates Sections 1226(a) and 1357(a)(2) of the Immigration and Nationality Act and Petitioner's procedural due process rights. *Id*. at 53-67. Petitioner seeks relief in the form of immediate release. *Id.* at 68.

On October 20, 2026, Respondents filed their Answer. Dkt. No. 7 ("Ans."). The Answer informs the Court that Petitioner has received two bond hearings before an immigration judge. *Id*. at 2. Each time the immigration judge denied bond. *Id*.

Respondents attach copies of the immigration judge's rulings to their Answer. *See* Dkt. Nos. 7-1, 7-2. Respondents assert that the two bond hearings were adequate and Petitioner should be required to exhaust his administrative remedies by appealing to the Board of Immigration Appeals before seeking habeas relief before the district court. *Id*. at 3-4.

Petitioner filed his Reply on October 22, 2026. Dkt. No. 8. The Reply states that the Answer misses the mark because the post-deprivation bond hearings do not cure the constitutional violation arising from his warrantless arrest or the absence of pre-detention notice or hearing. *Id*. at 8-9.

## II. PERTINENT BACKGROUND

Petitioner entered the United States on or about October 2006. Pet. at 13. He is married and has two U.S. citizen children. *Id*. The Petition references the Form I-213 as stating that Petitioner was apprehended on May 30, 2026, by ICE agents following a traffic stop in which Petitioner failed to comply with immigration authorities.[1] *Id*.

## III. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

Regarding Petitioner's procedural due process claim that he was entitled to pre-detention notice and an opportunity to hearing, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether

[1] The I-213 is not attached to the Petition.

petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections extend to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). Because Petitioner has some liberty interest in remaining out of custody, the Due Process Clause requires Respondents to provide him "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Applying the first *Mathews* factor, Petitioner's private liberty interest is limited, notwithstanding the approximate 20 years he has lived in this country. As detailed in the Petition, prior to his current detention, Petitioner was not previously evaluated to determine whether he merits being detained or being out of custody.

In general, the government has the authority to arrest and detain noncitizens pending a decision on their removal under Section 1226(a). As to the second *Mathews* factor, because Petitioner has not undergone a prior custody determination and been evaluated for flight risk or danger, a post-detention hearing poses a low to moderate risk of erroneous deprivation of liberty. Regarding the third factor, the government has a strong interest in preventing noncitizens from remaining in this country in violation of the immigration laws and detaining noncitizens to "increase the chance that, if ordered removed, the [noncitizens] will be successfully removed." *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore v. Kim*, 538 U.S. 510, 515, 528 (2003) (cleaned up)). Upon encountering a noncitizen not previously assessed as a flight risk or danger, the government's interest in detaining that person at least initially is significant. *See Singh v. Bowen*, 2026 WL 2970609, at *3 (C.D. Cal. Oct. 2, 2026).

In sum, the Court concludes that Petitioner was not entitled to a pre-detention hearing. Moreover, his due process rights have been addressed by the post-deprivation hearings he has received pursuant to Section 1226(a). *Id.* at *4 (citing *Quinonez Herrera v. Mullin*, 2026 WL 915184, at *3 (C.D. Cal. Apr. 3, 2026) and *Okoth v. Kaiser*, 2026 WL 45199, at *2 (E.D. Cal. Jan. 7, 2026)).

Petitioner's other claim—that his warrantless arrest violates Section 1357(a)—also fails. Assuming arguendo that a violation of Section 1357(a) occurred, release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same); *Singh*, 2026 WL 2970609, at *4

(same).[2]

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES the Petition.

DATED: October 23, 2026

/s/
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Based on the limited information presented, the Court cannot evaluate whether a violation of Section 1357(a) in fact has occurred. Petitioner did not provide a copy of the I-213; however, the excerpts provided in the Petition imply Petitioner failed to comply with a traffic stop, which potentially could be used to establish a risk of flight. *See* 8 U.S.C. § 1357(a)(2) (an immigration officer may make an arrest without a warrant if the officer "has reason to believe that the [noncitizen] is in the United States in violation of [any law] and is likely to escape before a warrant can be obtained").